USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___1/6/2026___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

               - against -

EDWIN CARRASQUILLO, et al.,

               Defendants.

---

**21 CR 93 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On April 22, 2025, defendant Edwin Carrasquillo ("Carrasquillo") filed a letter motion seeking a bill of particulars pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rules 7(f) and 12 of the Federal Rules of Criminal Procedure with respect to the death eligible charges as alleged in Counts Three and Twelve of the 9th Superseding Indictment (the "Indictment"). (See "Mot." or "Motion," Dkt. No. 347.) The Government opposes the motion. (See "Opp'n," at Dkt. No. 486.) For the reasons stated below, the motion is **DENIED.**

The purpose of a bill of particulars is to provide the defendant with sufficient information about the charged conduct to prepare for trial, to avoid surprise, and to be able to interpose a claim of double jeopardy if he were again prosecuted for the same offense. See United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987); Fed. R. Crim. P. 7(f). "A bill of particulars is not meant to be a tool to

1

compel disclosure of the Government's case before trial." United States v. Fruchter, 104 F. Supp. 2d 289, 311 (S.D.N.Y. 2000). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004) (internal quotation marks and citation omitted).

In evaluating whether a defendant has been adequately informed "of the specific acts of which he is accused," id., courts look to the indictment and the materials disclosed in discovery. See Bortnovsky, 820 F.2d at 574 ("[I]f the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required."). "The ultimate test is whether the information sought is necessary, not whether it is helpful." United States v. Morgan, 690 F. Supp. 2d 274, 285 (S.D.N.Y. 2010). It is within the Court's discretion to make that determination and order a bill of particulars if appropriate. See Bortnovsky, 820 F.2d at 574.

As Carrasquillo notes in his Motion, the Court previously ordered the Government to provide a bill of particulars in relation to Carrasquillo's role in connection with several counts, including the capital charges. (See Mot. at 1 n.1.) Carrasquillo argues, however, that the Government

2

"left unanswered the specific particulars requested" so that he can "meaningfully participate in the death authorization process." (Id. at 1 n.1, 2.) Carrasquillo cites the U.S. Department of Justice's Manual (the "Justice Manual") for the proposition that the "local United States Attorney 'shall give counsel for the defendant a reasonable opportunity to present information for the consideration of the United States Attorney or Assistant Attorney General which may bear on the decision whether to seek the death penalty.'" (Id. at 2; JM § 9-10.080.)

In opposition, the Government argues that "the internal prosecutorial policies and procedures in the Justice Manual do not limit the Government's prosecutorial discretion, do not create substantive or procedural rights, and may not be enforced against the Government." (Opp'n at 2; JM § 1-1.200 ("[The Justice Manual] is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. Nor are any limitations placed [by the Justice Manual] on otherwise lawful litigative prerogatives of DOJ.").) The Government relies on ample case law to support the proposition that the policies do not create substantive or procedural rights, including precedent issued by this District. See, e.g., United States v. Saipov, No. 17-CR-722,

2019 WL 624176, 3 n. 8 (S.D.N.Y. Feb. 14, 2019) ("[E]ven if the Government did not follow every dictate of the Capital Case Protocol to the letter, numerous courts have concluded that the Capital Case Protocol 'does not create any [ ] legally enforceable rights, and that, therefore, [death-eligible defendants] lack the power to order the Government to abide by it.'"). Given "the discovery and disclosures provided to date, including the Government's response to an earlier motion for a bill of particulars . . . and the nature of the extensive and detailed charges," the Government contends that no further disclosure is required at this stage.

Here, although the Court notes that Carrasquillo must have a reasonable opportunity to present information and meaningfully participate in the death authorization process – which includes presenting mitigating considerations and other information rebutting the presence of aggravators – the Court finds that the Government is not required to provide Carrasquillo with the specific requested disclosures at this time. As courts have held, a bill of particulars is not a discovery device and should be ordered only as necessary "to apprise the defendant of the charges against him with sufficient precision." United States v. Wilson, 493 F. Supp. 2d 364, 369 (E.D.N.Y. 2006).

4

The charges set forth in the Indictment are not "so general that they do not advise [Carrasquillo] of the specific acts of which he is accused." United States v. Skelos, No. 15-CR-317, 2015 WL 6159326, at *12 (S.D.N.Y. Oct. 20, 2015). See also United States v. Payden, 613 F. Supp. 800, 816 (S.D.N.Y. 1985) ("It is not enough that the information [sought] would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government is not required to disclose additional details about its case."); United States v. Mitlof, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendant committed the crime charged, or a preview of the Government's evidence or legal theories."). The Court is not persuaded that the information Carrasquillo seeks is necessary for him to present mitigating considerations or other evidence rebutting the presence of aggravators in the death penalty authorization process.

For the foregoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 347) of defendant Edwin Carrasquillo for a bill of particulars is **DENIED.**

**SO ORDERED.**

5

Dated:    6 January 2026
          New York, New York

_____
          Victor Marrero
          U.S.D.J.

6